SALLY BARKER v. WILLIAM BARKER.

Where goods are attached and sold on mesne process, and the purchaser pays the price to the creditor, who recovers a judgment for an amount sufficient to absorb the whole, and the sheriff has no other claim upon the purchaser than as trustee for such creditor, a bill in equity will lie to compel an application of the amount so paid to the claim of the sheriff.

THIS is a bill in equity, alleging that the defendant sued one Eleazer D. Barker and attached his goods, which were sold upon mesne process; that the plaintiff purchased some of them at auction, and for the price

gave her note with surety to the sheriff; that the plaintiff, through her agent, from time to time, advanced money and goods to the defendant upon an agreement that the amount should be allowed in payment of the plaintiff's aforesaid note ; that the sheriff who had also attached the same goods upon other writs subject to the defendant's attachment, had sued the plaintiff, and obtained judgment upon her said note, and was threatening to enforce the same ; that the defendant had obtained judgment against the said Eleazer D. Barker for an amount greater than the value of all the goods so attached, and that the avails of the judgment against her in favor of the sheriff if enforced would all be for the benefit of the defendant ; and she therefore prayed that the defendant be enjoined from collecting said judgment, and for general relief.

*Batchelder*, for plaintiff.

*E. A. Hibbard*, for defendant.

BELLOWS, J.    The cause was heard upon bill, answer and proofs, and the court are of the opinion that the material allegations of the bill are sustained ; and the question is, whether the plaintiff is entitled to relief in this form.

The substance of the case is that the sheriff holds the proceeds of the goods attached by him in trust for the creditors he represents, and defendant being the first attaching creditor and having obtained a judgment for an amount sufficient to absorb the whole, must be regarded as having the equitable interest in the price to be paid by the plaintiff ; and payment to him ought in equity to be a discharge of the plaintiff, unless the officer has other claims upon the avails of the plaintiff's note paramount to hers, and of this there is no proof or suggestion in the answer or otherwise.

It is necessary, however, that the sheriff and the plaintiff's surety, and also Hiram Barker, to whom the debt against Eleazer D. Barker in favor of the defendant has been assigned since the above mentioned payments, be made parties ; and upon that being done, the plaintiff will be entitled to a decree for the application of the sums of money and goods so advanced to the payment of the plaintiff's said note, unless upon the coming in of the new parties a different case is made.